**HARTFORD NATIONAL BANK AND TRUST COMPANY, Trustee, and North American Philips Company, Inc., Plaintiffs,**

v.

**GENERAL CERAMICS CORPORATION, Defendant.**

Civ. A. 1723.

United States District Court
D. Delaware.
Oct. 24, 1956.

Arthur G. Connolly and Thomas Cooch (of Connolly, Cooch & Bove) of Wilmington, Del., for plaintiffs.

Carl W. Mortenson, Wilmington, Del., Orville N. Greene and Frank L. Durr of Greene, Pineles, Callmann & Durr, New York City, of counsel, for defendant.

WRIGHT, District Judge.

This is an action for infringement of U. S. Patents Nos. 2,452,529, 2,452,530

and 2,452,531 owned by the plaintiff, Hartford National Bank and Trust Company, Trustee, and exclusively licensed to the plaintiff, North American Philips Company, Inc. The defendant, General Ceramics Corporation, is a former licensee under the patents in suit.

The matter now before the court is raised by defendant's objections to interrogatories filed by plaintiffs.

The patents, containing both product and method claims, relate to low-loss magnetic bodies adopted for use as cores, inductance coils and for other similar purposes. All but three of the claims[1] refer either to a "soft ferromagnetic core material" consisting essentially of a "homogeneous mixed crystal ferrite", or to the method of producing such materials.

Each of the patents define "ferrite", "mixed crystal ferrite" and the term "soft" as used in the specifications and claims of the patents. "Ferrite" is defined as "a crystalline material which is a compound of the reaction product of a metal oxide and iron oxide having the empirical formula $MFe_2O_4$ wherein M represents a bivalent metal. This material may also be defined as a metallic salt of the hypothetical acid $H_2Fe_2O_4$." A "mixed crystal" ferrite is defined as "a ferrite material comprising two or more ferrites as hereinbefore defined which are chemically combined together to form a single homogeneous crystalline compound." The term "soft" magnetic material is defined as a "magnetic material having a low remanence and a low coercivity when the applied inductive field is removed from the material."

The plaintiffs' interrogatory 1 reads as follows:

"1. State whether defendant has manufactured or sold since December 31, 1954, any ferromagnetic materials formed from a mixture including two or more ferrites, the term 'ferrite' being defined as a crystalline material which is a compound of the reaction product of a metal oxide and iron oxide having the empirical formula $MFe_2O_4$ wherein M represents a bivalent metal, such ferromagnetic materials being hereinafter designated 'mixed crystal ferrites'. If so, specify all constituents of each such 'mixed crystal ferrite'."

Interrogatories 2 and 3 ask for information relative to the materials mentioned in interrogatory 1, while interrogatory 4 requests the defendant to supply six samples of each type of materials mentioned in answer to interrogatory 1.

The defendant's primary objection to interrogatory 1 is that as presently phrased an answer will include matters irrelevant to the litigation and will involve disclosure of trade secrets. The defendant states interrogatory 1 relates to hard ferromagnetic materials as well as soft ferromagnetic materials and non-homogeneous mixed crystal ferrites as well as *homogeneous* mixed crystal ferrites, and thus includes materials so different from those referred to in the claims of the patents as to be irrelevant to the subject matter involved.

The defendant has not specified the nature of the trade secrets which might be disclosed. However, the objection apparently is based upon disclosure of processes used in the manufacture of hard ferromagnetic materials and non-homogeneous mixed crystal ferrites. The defendant does not contend it need not disclose trade secrets if the information is relevant and necessary to the prosecution of the case. It therefore follows, disposition of the relevancy question will control any objection based upon disclosure of trade secrets.

The products referred to in the patents are *soft* ferromagnetic materials con-

---

1. Claims 16, 17 and 18 of patent No. 2,452,531. These claims are very narrow and specific.

sisting essentially of *homogeneous* mixed crystal ferrites. Disagreement between the plaintiffs and defendant stems from differences as to the meaning of "soft" and "hard" as it relates to ferromagnetic materials and "homogeneous" and "non-homogeneous" as it relates to mixed crystal ferrites. Plaintiffs assert soft and homogeneous are relative terms, and if the defendant is permitted to disclose less than all ferromagnetic materials manufactured by it, the defendant in effect will be permitted to construe, as it sees fit, the claims of the plaintiffs' patents.

The defendant should not be permitted to deny the plaintiffs proper answer to an interrogatory by the device of too narrowly construing relative terms of plaintiffs' patents. On the other hand, the plaintiffs should not be permitted to submit an interrogatory which is so broad that an answer will necessarily include irrelevant material, if the plaintiffs, patentees and propounders of the interrogatory can rephrase it to avoid this result.

The patents relate to soft ferromagnetic materials consisting essentially of homogeneous mixed crystal ferrites. The court has been informed by counsel there are hard ferromagnetic materials and non-homogeneous mixed crystal ferrites. Information with respect to what plaintiffs would consider to be hard ferromagnetic materials and to any ferromagnetic materials consisting essentially of what plaintiffs would consider to be non-homogeneous mixed crystal ferrites is irrelevant to the subject matter of this action. By delimiting the interrogatory, defendant will not be subjected to any inquiry which plaintiffs themselves would not claim is relevant to the subject matter of the patents. It is recog-

nized the plaintiffs and defendant are in wide disagreement as to what is soft and what is hard, and what is homogeneous and what is non-homogeneous. This area of disagreement may be designated as a "gray" one into which it is not the function of the court to probe in pre-trial discovery proceedings when confronted with highly technical and complex interrogatories without the benefit of experts.

The court is of the opinion interrogatory 1 should be limited to a disclosure of all soft ferromagnetic materials formed from a mixture including two or more ferrites, the term "ferrite" being defined as a crystalline material which is a compound of the reaction product of a metal oxide and iron oxide having the empirical formula $MFe_2O_4$ wherein M represents a bivalent metal, such ferromagnetic materials being hereinafter designated "mixed crystal ferrites". A mixed crystal ferrite being defined as a ferrite material comprising two or more ferrites as herein defined which are chemically combined together to form a single homogeneous crystalline compound. The plaintiffs should further define the term "soft", and the term "homogeneous" with reference to the principles set forth in the preceding paragraphs as guides to the plaintiffs in framing a subsequent interrogatory.

Defendant's objection to plaintiffs' interrogatory 1 is sustained without prejudice to the plaintiffs to propound further interrogatories in the light of the court's decision.

Interrogatories 2, 3 and 4 are keyed to interrogatory 1. Therefore, objections to these interrogatories are also sustained.

An order in accordance herewith may be submitted.